Carlo Brooks, CA Bar # 316485
3826 Grand View Boulevard
Suite 661472
Los Angeles, CA 90066
(310) 691-9373
carlo@carlobrooks.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| NICOLAS RHODERICK CABUYAO RATUISTE ans JOCELYN ADVINCULA RATUISTE,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES and TRUNG VO, ACTING FIELD OFFICE DIRECTOR, USCIS,<br><br>*Defendants*. | Case No.: CV 22-5213<br><br>**PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Agency Files Nos.: A219435366<br>　　　　　　　　　　A219435367 |

Plaintiffs NICOLAS RHODERICK CABUYAO RATUISTE and JOCELYN ADVINCULA RATUISTE (hereinafter referred collectively to as "Plaintiffs") through their undersigned counsel XYZ, seek Judicial Review (pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*.,) and declaratory and injunctive relief (pursuant to the Declaratory Judgment Act, 28 U.S.C.

§ 2201 et seq.) of the denial of Plaintiffs' Form I-485 Adjustment of Status ("AOS") Applications by U.S. Citizenship and Immigration Services, and respectfully show unto the Court as follows:

## PARTIES

1. Plaintiff, NICOLAS RHODERICK CABUYAO RATUISTE (hereinafter referred to as "NICOLAS") is an adult over the age of eighteen years and at all times relevant hereto is a resident of the City of Fullerton, County of Orange, State of California.

2. Plaintiff, JOCELYN ADVINCULA RATUISTE (hereinafter referred to as "JOCELYN") is an adult over the age of eighteen years and at all times relevant herein is a resident of the City of Fullerton, County of Orange, State of California.

3. Plaintiffs NICOLAS and JOCELYN are husband and wife.

4. Defendant UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (hereinafter referred to as "USCIS") is a component of the United States Department of Homeland Security ("DHS"), and an "Agency" within the meaning of the APA 5 U.S.C. § 551(1). USCIS is the agency responsible for the denial of Plaintiffs' Form I-485 AOS Applications at the Santa Ana field office located at 34 Civic Center Plaza, Santa Ana, CA 92701, in the Central District of California.

5. Defendant, TRUNG VO, (hereinafter referred to as "VO" or "Field Office Director") is sued in his official capacity as the acting Field Office Director for the Santa Ana Field Office of the USCIS, Department of Homeland Security. Defendant is responsible for the denial of Plaintiffs' Form I-485 AOS Applications within the Santa Ana field office in the Central District of California.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter in this action pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act; 28 U.S.C. § 1331, general federal question jurisdiction; and 5 U.S.C. § 701 et seq, the APA.

7. Venue is appropriate with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which the Defendants are employees or officers of the United States, acting in their official capacity, and an agency of the United States; because a substantial part of the events or omissions giving rise to the claim occurred in Santa Ana, California, in the Central District of California; and because Plaintiffs reside in Fullerton, California, in the Central District of California.

**FACTUAL ALLEGATIONS**

8. Plaintiffs are the nationals and citizens of the Philippines. Plaintiffs entered the United States on July 7, 2008, on a B-2 tourist visa. After some time, JOCELYN filed for a Change of Status from a B-2 to F-1. JOCELYN received her F-1 visa, and as a spouse of an F-1 visa holder, NICOLAS obtained an F-2 visa.

9. In 2017, the Department of Labor approved NICOLAS' PERM Labor Certification. After that, Harbor Villa Care Center filed an I-140, Immigration Petition for Alien Worker on NICOLAS' behalf to classify NICOLAS as a skilled worker under Immigration and Nationality Act ("INA") §203(b)(3)(A)(i). USCIS approved NICOLAS' I-140 Petition for Alien Worker. After NICOLAS received his work authorization permit from USCIS, on May 28, 2020, he began to work for Harbor Villa Care Center as medical records and health information technician.

10. On December 4, 2019, NICOLAS, as a principal beneficiary of an approved I-140 Petition and JOCELYN being a spouse of NICOLAS, filed Form I-485 AOS Applications and requested USCIS to adjust their status to permanent residents pursuant to INA § 245. Plaintiffs' Form I-485 AOS Applications are attached hereto as **Exhibits "A" & "B"** and are fully incorporated herein for reference.

11. On May 13, 2020, USCIS sent a Request for Evidence to JOCELYN and asked her to submit a complete Form I-693, Report of Medical Examination and Vaccination Record. A copy of USCIS' Request for Evidence is attached hereto as **Exhibit "C"** and is fully incorporated herein for reference.

12. On or about December 14, 2020, JOCELYN submitted her declaration in Response to the Request for Evidence to USCIS with supporting documents related to her F-1 Status. A copy of JOCELYN'S Response to Request for Evidence is attached hereto as **Exhibit "D"** and is fully incorporated herein for reference.

13. On September 29, 2020, USCIS sent NICOLAS a Request for Evidence. A copy of USCIS' Request for Evidence is attached hereto as **Exhibit "E"** and is fully incorporated herein for reference.

14. On January 14, 2021, NICOLAS filed a timely response to the Request for Evidence and submitted his declaration and other supporting documents. A copy of NICOLAS' Response to Request for Evidence is attached hereto as **Exhibit "F"** and is fully incorporated herein for reference.

15. On April 14, 2021, USCIS sent a Notice of Intent to Deny ("NOID") NICOLAS' Form I-485 AOS Application stating that he failed to establish that he continuously maintained lawful status in the United States. Specifically, USCIS found that JOCELYN worked for more than 180 days before receiving her work authorization. USCIS considered JOCELYN'S violation of her F1 status as a violation by the NICOLAS because NICOLAS' F2 status depended on his wife's F1 status. A copy of USCIS' NOID is attached hereto as **Exhibit "G"** and is fully incorporated herein for reference.

16. In response to the NOID, NICOLAS submitted his declaration to USCIS on July 15, 2021, and challenged the USCIS' determination. On or about January 7, 2009, Plaintiff JOCELYN became a Registered Nurse ("RN"). In or about February 2010, she informed NICOLAS that she received her work authorization and could work as an RN in the United States. Plaintiffs celebrated that occasion. JOCELYN also told NICOLAS that when she got her job as an RN after getting her work permit in February 2010, her employer told her that she had a work permit and could work with that employer as long as she liked. JOCELYN continued to work for the same employer as an RN. A copy of NICOLAS' Declaration

provided in Response to NOID is attached hereto as **Exhibit "H"** and is fully incorporated herein for reference.

17. On September 30, 2021, USCIS' Field Office Director denied the Plaintiffs' I-485 Applications. While denying NICOLAS' Form I-485 AOS Application, USCIS stated that "*Because your wife violated her F-l status by working without authorization, you are also considered in violation of status (F-2) as a dependent of your wife. You did not provide sufficient evidence that did not violate your F2 status.*" [Emphasis italics]. A copy of the USCIS Decision denying NICOLAS' Form I-485 AOS Application is attached hereto as **Exhibit "I"** and is fully incorporated herein for reference.

*18.* While denying JOCELYN'S Form I-485 AOS Application, USCIS stated that "*[a]s the derivative spouse of the principal beneficiary of an approved visa petition, your eligibility for lawful permanent residence depends on the benefit granted to the principal alien. . . Accordingly, as a derivative beneficiary, you are statutorily ineligible for adjustment of status.*" [Emphasis italics]. A copy of the USCIS Decision denying JOCELYN'S Form I-485 AOS Application is attached hereto as **Exhibit "J"** and is fully incorporated herein for reference.

19. On November 8, 2021, NICOLAS filed Form I-290B, Notice of Appeal or Motion with other supporting documents to USCIS, requesting USCIS to reconsider its denial of Form I-485 AOS Application. A copy of Form I-290B, Notice of Appeal or Motion, is attached hereto as **Exhibit "K"** and is fully incorporated herein for reference.

20. Subsequently, on January 5, 2022, USCIS' Field Office Director dismissed NICOLAS' Form I-290B, Motion to Reopen & Reconsider, and upheld the denial of Form I-485 AOS Application. With respect to the Motion to Reopen, USCIS found that NICOLAS has not provided new facts or evidence to overcome USCIS' decision to deny his Form I-485 AOS Application. With respect to the Motion to Reconsider, USCIS found that its denial of NICOLAS' Form I-485 AOS

Application does not appear to fall under the limited **no fault of his or her own** or for technical reasons. A copy of the Dismissal of Motion to Reopen & Reconsider is attached hereto as **Exhibit "L"** and is fully incorporated herein for reference.

21. JOCELYN started school on March 16, 2009. NICOLAS always believed that JOCELYN had permission to work in the United States. JOCELYN never told NICOLAS that her work authorization had an expiration date or it had expired. NICOLAS believed that JOCELYN had no knowledge that she worked without work authorization or that her work authorization permit had expired.

22. During the COVID-19 pandemic, JOCELYN treated COVID-19 patients alongside physicians. In fact, JOCELYN ended up contracting COVID-19 while working with COVID-19 patients. She recovered from COVID-19, and after her recovery, she again started treating COVID-19 patients. JOCELYN informed NICOLAS that she always maintained her F-1 status by attending and taking the school units required by USCIS. [See **Exhibit "D" & "G"**]

23. NICOLAS maintained his nonimmigrant status in the United States since his last lawful admission into the United States on July 4, 2008, and JOCELYN has maintained her F-1 status until they both have filed their AOS Applications (Form I-485) on December 4, 2019.

24. Notwithstanding, the USCIS has denied the Plaintiffs' I-485 AOS Applications. Plaintiffs have no further remedy to pursue with USCIS or DHS. Therefore, Plaintiffs seek judicial review and a declaratory and injunctive relief of the USCIS' Field Office Director's decision, who unlawfully denied Plaintiffs' Form I-485 AOS Applications.

## IRREPARABLE INJURY

25. Injunctive relief is appropriate because if USCIS begins removal proceedings against Plaintiffs, they will suffer irreparable injury.

6
Plaintiffs' Complaint for Declaratory and Injunctive Relief

# FIRST CAUSE OF ACTION

**(Declaratory and Injunctive Relief based upon the Violation of APA, 5 U.S.C. § 701 et seq.)**

**(Against All Defendants)**

26. Plaintiffs re-alleges and incorporates by reference paragraphs 1-25 as though fully set forth herein.

27. The APA declares that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The law provides that "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704.

28. In reviewing the administrative decision at issue, the Court must decide whether the decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706(2)(A). The Court reviews the administrative agency's factual findings and analysis to determine whether substantial evidence in the record of proceedings supports the administrative finding. *Haxhiu v. Mukasey*, 519 F.3d 685, 690 (7th Cir. 2008).

29. The decision of USCIS dated September 30, 2021, denying Plaintiffs' I-485, Adjustment of Status Applications was arbitrary, capricious, an abuse of discretion, and **not** in accordance with law. [See **Exhibit "I" & Exhibit "J"**]

30. The decision of USCIS dated January 5, 2022, dismissing NICOLAS' I-290B Motion to Reopen and Reconsider was arbitrary, capricious, an abuse of discretion, and **not** in accordance with law. [See **Exhibit "L"**].

31. The APA empowers this Court to hold unlawful and set aside any agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

32. An actual controversy exists between the parties concerning the legality of the USCIS' actions in failing to grant Plaintiffs' Form I-485 AOS Applications because USCIS' Field Office Director disregarded pertinent evidence and arguments in the record. [See **Exhibits "D", "G" & "K"**]. As such, USCIS denial is arbitrary and capricious. The controversy is justiciable.

33. Plaintiffs respectfully request that this Court should judicially review the denial of Plaintiffs' Form I-485 AOS Applications to declare USCIS' actions unlawful and grant relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the APA, 5 U.S.C. § 701 *et seq*.

## PRAYER

WHEREFORE, Plaintiffs NICOLAS RHODERICK CABUYAO RATUISTE and JOCELYN ADVINCULA RATUISTE pray for judgment in the Plaintiffs' favor as follows:

1. Accept jurisdiction and review USCIS' decision denying Plaintiffs' I-485, Adjustment of Status Applications;
2. Declare that USCIS' decision denying Plaintiffs' I-485 AOS Applications is unlawful, a violation of the Immigration and Nationality Act and relevant regulations, and a violation of the United States Constitution and the Administrative Procedures Act;
3. Order that USCIS shall be enjoined from initiating removal proceedings against Plaintiffs.
4. Costs to the extent provided by law, including attorney's fees; and
5. For such other and further relief as the Court deems just and proper.

Dated: July 27, 2022

Respectfully submitted,

/s/ Carlo Brooks
Carlo Brooks, Esq.
3826 Grand View Boulevard
Suite 661472
Los Angeles, CA 90066
(310) 691-9373
carlo@carlobrooks.com

*Attorney for Plaintiffs*