**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| NICOLAS RHODERICK CABUYAO RATUISTE and JOCELYN ADVINCULA RATUISTE, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES and TRUNG VO, ACTING FIELD OFFICE DIRECTOR, USCIS, <br><br> Defendants. | Case No.: SACV 22-01399-CJC (DFMx) <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION [Dkt. 15] |

## I.   INTRODUCTION

In this case, Plaintiffs Nicolas Rhoderick Cabuyao Ratuiste ("Nicolas") and Jocelyn Advncula Ratuiste ("Jocelyn") challenge the denial of their Form I-485 applications for Adjustment of Status ("AOS") under the Administrative Procedure Act

("APA"). (*See* Dkt. 1 [Complaint, hereinafter "Compl."] ¶ 13.) Now before the Court is Defendants' motion to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction. (Dkt. 15.) For the following reasons, Defendants' motion is **GRANTED**.[1]

## II. BACKGROUND

Nicolas and Jocelyn are husband and wife nationals and citizens of the Philippines. (Compl. ¶¶ 3, 8.) They entered the United States in 2008 on a B-2 tourist visa. (*Id.* ¶ 8.) At some point, Jocelyn filed for a change of status from B-2 to F-1, a student visa. (*Id.*) As the spouse of an F-1 visa holder, Nicolas obtained an F-2 visa. (*Id.*) Nicolas later began working at Harbor Villa Care Center as a medical records and health information technician after that entity successfully filed an Immigration Petition for Alien Worker on Nicolas' behalf to classify him as a skilled worker under the Immigration and Nationality Act. (*Id.* ¶ 9.) Nicolas and Jocelyn then filed I-485 applications asking USCIS to adjust their status to permanent residents given the granted alien worker petition. (*Id.* ¶ 10.)

After requesting and obtaining additional information, (*id.* ¶¶ 11–14), USCIS sent Nicolas a Notice of Intent to Deny ("NOID") his I-485 application on the basis that he failed to establish that he continuously maintained lawful status in the United States. (*Id.* ¶ 15.) Specifically, USCIS found that Jocelyn worked for more than 180 days before receiving her work authorization in violation of her F-1 visa status, and that since Nicolas' F-2 status depended on his wife's F-1 status, Nicolas had also violated his F-2 status. (*Id.*) In response, Nicolas submitted a declaration that Jocelyn had only worked about a month before she received her work authorization and that her employer had told her she had a work permit and could work with that employer as long as she liked. (*Id.*

---

[1] Having read and considered the papers the parties presented, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for October 31, 2022, at 1:30 p.m. is hereby vacated and off calendar.

¶ 16.) On September 30, 2021, USCIS denied Nicolas' I-485 application, stating that Nicolas did not provide sufficient evidence that he did not violate his F-2 status. (*Id.* ¶ 17.) USCIS also denied Jocelyn's I-485 application as Nicolas' derivative beneficiary. (*Id.* ¶ 18.) Nicolas appealed, and on January 5, 2022, USCIS dismissed the appeal and upheld the denial. (*Id.* ¶ 20.)

After Plaintiffs filed this case, USCIS served Notices to Appear ("NTA") to initiate removal proceedings against Plaintiffs. (Dkt. 15-1, Exs. 1–2.) Plaintiffs are scheduled to appear before an immigration judge on November 3, 2022. (*Id.* Exs. 3–4.)

### III.  ANALYSIS

Defendants argue that the Court lacks jurisdiction over this case because USCIS has initiated removal proceedings in which "Plaintiffs will have the opportunity to re-argue the denial of their Form I485 applications." (Mot. at 3, 5.) The Court agrees. "Under the APA, agency action is subject to judicial review only when it is either: (1) made reviewable by statute; or (2) a 'final' action 'for which there is no other adequate remedy in a court.'" *Cabaccang v. U.S. Citizenship & Immigr. Servs.*, 627 F.3d 1313, 1315 (9th Cir. 2010) (quoting 5 U.S.C. § 704). "No statute authorizes judicial review over denials of status adjustment, so the sole issue here is whether USCIS's denial of [Jocelyn and Nicolas'] applications was a 'final' agency action for which there was no other adequate remedy." *Id.*

"Finality" is a jurisdictional requirement for judicial review under the APA. *Fairbanks N. Star Borough v. U.S. Army Corps of Eng'rs*, 543 F.3d 586, 591 (9th Cir. 2008). Two conditions must be present for an agency action to be considered "final": (1) the action must mark the "consummation" of the agency's decisionmaking process, and (2) the action must determine rights and obligations or impose legal consequences.

*Mamigonian*, 710 F.3d. at 942 (citations omitted); *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997). The finality requirement prevents judicial disruption of the agency process and gives agencies the opportunity to correct their own mistakes. *F.T.C. v. Standard Oil Co. of Cal.*, 449 U.S. 232, 242 (1980). Finality also promotes efficiency and avoids piecemeal review because judicial intervention may be unnecessary once the agency process is complete. *Id.*

Finality is not present under the circumstances here. Indeed, a district court may not "hear an alien's challenge to the government's denial of an application to adjust status when removal proceedings are simultaneously pending against the alien." *Cabaccang*, 627 F.3d at 1314 (analyzing appeal of denial of I-485 applications). That is because "[d]uring their pending removal proceedings, the [plaintiffs] have the right to renew their applications to adjust status." *Id.* at 1315–16. "They will have the opportunity to fully develop their arguments before the immigration judge," who "then has unfettered authority to modify or reverse USCIS's denial of the [plaintiffs'] applications, regardless of USCIS's prior determination. *Id.* at 1316. The pendency of removal proceedings also "means the [plaintiffs] have not exhausted their administrative remedies." *Id.* The Court therefore lacks subject matter jurisdiction to hear this case.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction is **GRANTED**.

DATED:   October 24, 2022

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE